IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| HARRY L. GREGORY and | ) | |
| LEESUE VENTURES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-132 |
| | ) | |
| WALTER R. LANE, JR. and | ) | |
| TUCKALEECHEE, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiffs have moved for summary judgment [doc. 15]. Defendants have responded in opposition to the motion [docs. 25, 26], and plaintiffs have submitted a reply [doc. 27]. For the reasons provided herein, plaintiffs' motion will be granted in part and denied in part.

I.

*Separate Statement of Material Fact*

In "Defedants' [sic] Response to Plaintiffs' Motion for Summary Judgment," defendants argue that the pending motion should be "dismissed outright" because it "fails to comply with the pleading requirements of Rule 56 as it does not contain a statement of undisputed facts." [Doc. 25, p.1]. *Tennessee* Rule of Civil Procedure 56.03 requires a summary judgment movant to file a separate statement of material fact. *Federal* Rule of

Civil Procedure 56 does not, and this is a federal case being tried in federal court. The *Federal* Rules of Civil Procedure therefore apply in this case. Moreover, the court's scheduling order [doc. 12, p.7] prohibits the filing of separate statements of material fact. For these reasons, plaintiffs' summary judgment motion will not be "dismissed outright" as requested by defendants.

II.

*Background*

A. Source

The court's recitation of the relevant facts is largely based on plaintiffs' first set of requests for admissions to defendant Walter R. Lane, Jr., along with the exhibits attached to those requests for admissions. Plaintiffs represent to the court that defendant Lane did not respond or object to the requested admissions within 30 days of service. The defendants' summary judgment response does not challenge that the subject matter of those requests must now be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), nor has the defense timely moved to withdraw those admissions. Accordingly, the subject matter of plaintiffs' first set of requests for admissions is deemed admitted. Fed. R. Civ. P. 36(a)(3).

Some statements in the recently-filed affidavit of defendant Lane [doc. 25, ex.1] contradict some of the Rule 36(a)(3) admissions. The Lane affidavit, where it is in conflict with the prior admissions, does not create a issue of fact. A party cannot create a

2

genuine issue of material fact merely by contradicting himself. *See, e.g., Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).

## B. Relevant Undisputed Material Facts

Plaintiff Gregory is the managing member of plaintiff LeeSue Ventures, LLC ("LeeSue"). In February 2009, defendant Lane proposed that he and Gregory form a limited liability company for the purpose of real estate development. At Gregory's direction, LeeSue joined with Lane in forming defendant Tuckaleechee, LLC ("Tuckaleechee") in February or March 2009.

Lane was at the time involved in several other entities. He owned a majority interest in Timbermont Development and Conservancy, LLC ("Timbermont"). Timbermont in turn owned a 15% membership interest in Three Sisters Mountain Investment One, LLC and Three Sisters Mountain Investment Two, LLC (collectively, "Three Sisters"). Lane was on the boards of directors of Three Sisters. He was also a member of Walland Center, LLC ("Walland Center").

In 2007, Three Sisters purchased approximately 5,000 acres of undeveloped land in Blount County, Tennessee. In November 2008, Lane told Gregory that Three Sisters planned to donate 4,300 acres of that property to a conservation trust, which would make the members of Three Sisters eligible for a conservation easement charitable deduction ("CECD"). Lane told Gregory that he (Lane) held an interest in the CECD through his majority interest in Timbermont.

3

According to the record now before the court, Lane owns 70% of defendant Tuckaleechee, and LeeSue owns the remaining 30%. Lane is the Chief Manager/President and Gregory is the Secretary/Managing Member. According to Tuckaleechee's operating agreement, in the event of a decision-making conflict between the two men, Lane's vote prevails.

LeeSue's initial contribution to Tuckaleechee was $500,000.00 in cash. Lane's initial contributions to Tuckaleechee included 34% ownership of Timbermont, which in turn included 15% ownership of the Three Sisters CECD. Lane told Gregory that, through LeeSue's membership in Tuckaleechee, Gregory would be allocated $450,000.00 of the CECD, which could be applied to Gregory's 2009 federal income tax liability. Gregory relied on Lane's CECD representations in deciding that LeeSue would become a member of Tuckaleechee.

In September 2009, Lane reaffirmed to Gregory that LeeSue had been allocated $450,000.00 of the CECD, but plaintiffs were not given the requisite documentation at that time. In January 2010, Lane told Gregory that LeeSue could obtain an additional $100,000.00 of the CECD by contributing another $100,000.00 to Tuckaleechee. Relying on Lane's representation, LeeSue contributed $25,000.00 in cash, plus a $75,000.00 short-term, interest-free loan.

On March 10, 2010, Gregory (individually, and as Managing Member of LeeSue) and Lane (individually, and as Chief Manager of Tuckaleechee) signed a document

4

captioned "Agreement." In material part, the parties agreed as follows:

> 1. Effective March 10, 2010, Harry L. Gregory is assigned $550,000.00 of the Conservation Easement Tax Deductions derived from Three Sisters Mountain Investors I, and through Tuckaleechee LLC, to be used and applied exclusively at his sole discretion.
>
> 2. Effective March 10, 2010, LeeSue Ventures LLC will pay Tuckaleechee LLC $100,000.00.
>
> . . .
>
> 4. No Later Than March 18, 2010, Walter R. Lane will provide K-2 and all other relevant supporting documentation for the $550,000.00 in Conservation Easement Tax Deductions to Harry L. Gregory.
>
> 5. No Later Than May 15, 2010[,] Walter R. Lane will pay $75,000.00 to LeeSue Ventures LLC.

Notwithstanding these commitments, Lane has not yet repaid the $75,000.00 LeeSue loan. Lane also has not provided the entire CECD documentation to Gregory. Documentation for $504,560.00 of the deduction was not provided until 2011, and documentation of the remaining $45,440.00 of CECD was never provided. Lane was therefore unable to apply the CECD to his 2009 federal income tax return, and as a result he owed and paid $163,084.00 in tax liability that he would not otherwise have incurred. Once the $504,560.00 CECD documentation was in hand, Lane amended his 2009 return and received a refund of the $163,084.00 overpayment on June 7, 2011.

On August 5, 2010, Lane told Gregory that Tuckaleechee had a contract to purchase land in Loudon County, Tennessee. Lane further told Gregory that Tuckaleechee needed $100,000.00 in earnest money for that purchase. Relying on that representation,

5

LeeSue paid $33,333.00 to Tuckaleechee on August 6, 2010, for "purchase of lake property."

However, it was actually Lane's entity Walland Center which was the party under contract to purchase the Loudon County land. Tuckaleechee did not have a contract as Lane had represented, and Lane knew that his representation was false. Walland Center purchased the land in October 2010. The $33,333.00 has not been returned to either plaintiff.

III.

*Summary Judgment Standard*

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically-stored information. *See* Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

The movant must first demonstrate that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party carries that initial burden of showing that there are no genuine issues of material fact in

6

dispute, the nonmovant must then present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Where a party demonstrates that, after a reasonable period of discovery, its opponent is unable to produce sufficient evidence to support an essential element of its case, summary judgment should be granted. *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992). "It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997).

IV.

*Analysis*

Plaintiffs' complaint contains eight counts:

1. Securities fraud, in violation of Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. This claim is brought by both plaintiffs against both defendants. It pertains to alleged incomplete or misleading statements regarding the CECD.

2. Violation of the Tennessee Securities Act of 1980. This claim is also brought by both plaintiffs against both defendants. It also pertains to alleged incomplete or misleading statements regarding the CECD.

3. Breach of contract. This claim is brought by both plaintiffs against defendant Lane only. It pertains to the March 2010 Agreement and to the Loudon County land purchase.

4. Fraudulent misrepresentation. This claim is brought by LeeSue against Lane. It pertains to Lane's representations regarding the Loudon County land purchase.

7

5. Conversion and misappropriation of funds. This claim is brought by LeeSue against Lane. It also pertains to the Loudon County land purchase.

6. Negligent misrepresentation. This claim is brought by both plaintiffs against Lane. It pertains to Lane's statements regarding the CECD.

7. Violation of the Tennessee Consumer Protection Act in the sale or marketing of securities. This claim is brought by LeeSue against Lane. It pertains to Lane's statements regarding the CECD.

8. Violation of the Tennessee Consumer Protection Act in a real estate transaction. This claim is brought by LeeSue against Lane. It pertains to the Loudon County land purchase.

No claims in this case are brought under, and no citation is made to, the Tennessee Limited Liability Company Act. The court nonetheless generally notes that an LLC member can be personally liable in contract, tort, and otherwise for his own actions. *See* Tenn. Code Ann. § 48-217-101(a)(3). An LLC member can also be liable for his conduct as a member, if that conduct lacked good faith or ordinary care, or if the member did not reasonably believe that his actions were in the best interest of the LLC. *See* Tenn. Code Ann. § 48-240-102(b), (e). Moreover, a majority LLC shareholder stands in a fiduciary relationship to minority members. *See Anderson v. Wilder*, No. E2003-00460-COA-R3-CV, 2003 WL 22768666, at *6 (Tenn. Ct. App. Nov. 21, 2003).

## A. Breach of Contract

To succeed on their breach of contract claim against defendant Lane, plaintiffs must prove: (1) the existence of an enforceable contract; (2) nonperformance by the defendant amounting to a breach of the contract; and (3) damages caused by the breach. *See*

8

*BancorpSouth Bank v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006). As noted, plaintiffs' breach of contract claim pertains both to the March 2010 Agreement and to the Loudon County land purchase.

The March 2010 Agreement is an enforceable written contract. Lane admittedly breached that contract by: (1) not timely providing the CECD documentation; (2) never fully providing the CECD documentation; and (3) not repaying the $75,000.00 loan. Lane's breach caused damage to plaintiffs in that: (1) Lane lost the use of $163,084.00 in income tax overpayment for a period of time; (2) plaintiffs have never received the full CECD that they were promised; and (3) LeeSue has not been repaid its $75,000.00 loan.

As for the Loudon County land purchase, plaintiffs agreed to provide $33,333.00 to be used by Tuckaleechee as earnest money, and Lane admittedly agreed to apply the money on Tuckaleechee's behalf for that purpose. The court therefore finds the existence of an enforceable oral contract. Lane admittedly breached that contract in that he did not use the funds for the promised purpose. Plaintiffs have been damaged, because the money has not been returned to them.[1]

Plaintiffs have proven the necessary elements for their breach of contract claims. Summary judgment will be granted in plaintiffs' favor on Count III of the

---

[1] It is unclear from the record whether or not the $33,333.000 (and the $75,000.00 unrepaid loan) remain in the coffers of Tuckaleechee, in which LeeSue holds a 30% ownership interest. Even if those funds remain an asset of Tuckaleechee, the court would still find that plaintiffs have been damaged. Their interest in the funds would have been diluted, and they would have lost the use of the funds for a period of time.

complaint.[2]

## B. Fraudulent Misrepresentation

The elements of a cause of action for fraudulent misrepresentation under Tennessee law are,

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

*Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992) (citations omitted).

Lane made a representation of existing fact when he stated that *Tuckaleechee* needed earnest money to purchase the Loudon County land. Lane admits that the representation was knowingly false. The representation was unquestionably material, and plaintiffs reasonably relied on it in deciding to contribute $33,333.00 toward the land purchase. LeeSue has been damaged in that the $33,333.00 was not used for the stated purpose and has not been returned. Summary judgment will therefore be granted in LeeSue's favor as to Count IV. *But see Shahrdar v. Global Housing*, 983 S.W.2d 230, 238 (Tenn. Ct. App. 1998) (If damages claimed under different theories overlap, a plaintiff is not entitled to duplicate recovery.).

---

[2] In his affidavit, Lane suggests that Gregory also breached the Agreement by failing to devote 15 hours of "executive management time" to Tuckaleechee. However, the Agreement contains no such requirement.

### C. Negligent Misrepresentation

Plaintiffs' negligent misrepresentation claim is based on Lane's multiple statements that he would, at a time in the future, provide them with the necessary CECD documentation. The elements of a cause of action for negligent misrepresentation are the same as fraudulent misrepresentation, with the exception that the defendant's required mental state is instead "fail[ure] to exercise reasonable care or competence in obtaining or communicating the information." *McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982) (citations omitted). The material misrepresentation must pertain to a past or current fact. *Id.* "Thus, statements of opinion or intention are not actionable." *Id.*

Lane's statements regarding the CECD documentation did not pertain to past or current fact. They were instead statements of intention. For that reason, plaintiffs' summary judgment motion must be denied as to Count VI. *Id.*

### D. Conversion and Misappropriation of Funds

At Count V of the complaint, plaintiffs allege that Lane converted LeeSue's $33,333.00. "Misappropriated funds placed in the custody of another for a definite purpose may be subject to a suit for conversion." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, No. W2011-00325-COA-R3-CV, 2012 WL 1572130, at *21 (Tenn. Ct. App. Mar. 21, 2012) (citation omitted). "Conversion is the appropriation of another's property to one's own use and benefit, by the exercise of dominion over the property, in defiance of the owner's right to the property." *Ralston v. Hobbs*, 306

11

S.W.3d 213, 221 (Tenn. Ct. App. 2009).

It appears to the court that the conversion claim is now redundant, as summary judgment will be granted in plaintiffs' favor on the breach of contract and fraudulent misrepresentation claims. *See Shahrdar*, 983 S.W.2d at 238 (If damages claimed under different theories overlap, a plaintiff is not entitled to duplicate recovery.). Regardless, summary judgment will be denied on the conversion claim. It is unclear from the record whether Lane in fact appropriated the $33,333.00 for his "own use and benefit," or whether those funds remain in the coffers of Tuckaleechee, a defendant which is not named in the conversion count. There thus remains a genuine issue of material fact as to a necessary element of the tort of conversion.

E. Federal Securities Fraud

At Count I of the complaint, plaintiffs allege that "Lane either intended to defraud Plaintiffs by omitting material facts relating to the existence, approval, distribution, allocation, and usability of the CECD, or was at least reckless in failing to disclose these material facts to Plaintiff LeeSue." Pursuant to Securities and Exchange Commission Rule 10b-5, it is unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5, *promulgated under* 15 U.S.C. § 78j(b).

12

To prevail on a securities fraud claim, a plaintiff must show, "in connection with the purchase or sale of securities": (1) the misstatement or omission of a material fact; (2) made with a mental state embracing the intent to deceive, manipulate, or defraud; (3) upon which the plaintiff justifiably relied; and (4) which proximately caused the plaintiff's injury. *See La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 478 (6th Cir. 2010) (citation omitted). The defendant's mental state must be at least reckless. *See id.*

The court notes at least two genuine issues of material fact which preclude summary judgment on this claim. First, in regard to the CECD representations, plaintiffs have not established that Lane had a reckless mental state or the mental state to deceive, manipulate, or defraud. Plaintiffs cite the following admissions as proof of Lane's scienter:

> - Lane did not share with Gregory or LeeSue that neither Lane nor Timbermont had supporting documentation for the CECD that would enable Timbermont to distribute the CECD to the members of Tuckaleechee.
>
> - Lane did not inform Gregory or LeeSue that Lane did not know when he or Timbermont would receive supporting documentation for the CECD that would enable Timbermont to distribute the CECD to the members of Tuckaleechee.
>
> - Lane did not advise Gregory that Lane's equity in the assets Lane proposed to contribute to Tuckaleechee could diminish to zero.
>
> - Lane told Gregory that the assets Lane proposed to contribute to Tuckaleechee were not encumbered.

As to the first two of these admissions, the court is not satisfied that they show a reckless mental state, as opposed to mere negligence. As to the last two admissions, there is no proof in the record that Lane's equity in his Tuckaleechee contributions could in fact

13

"diminish to zero," nor is there proof that those assets were in fact encumbered. These admissions therefore do nothing at this point to help plaintiffs' case. Clearly, Lane made representations upon which he did not follow through. There remain, however, genuine questions of material fact regarding the scienter behind those representations.

Additionally, there are genuine issues of material fact as to whether this case even involves the purchase or sale of a security. At issue in this claim are plaintiffs' contributions to Tuckaleechee, which is an LLC 30% owned by plaintiff LeeSue and intended to be a joint real estate investment venture between plaintiff Gregory and defendant Lane. An interest in a joint venture can be considered a "security" if:

> (1) an agreement among the parties leaves so little power in the hands of the [plaintiff] that the arrangement in fact distributes power as would a limited partnership; or (2) the [plaintiff] is so inexperienced and unknowledgeable in business affairs that he is incapable of intelligently exercising his partnership or venture powers; or (3) the [plaintiff] is so dependent on some unique entrepreneurial or managerial ability of the [defendant] that he cannot replace the [defendant] or otherwise exercise meaningful partnership or venture powers.

*S.E.C. v. Prof'l Assocs.*, 731 F.2d 349, 357 (6th Cir. 1984).

On one hand, the court notes that Tuckaleechee's operating agreement gives Lane, as Chief Manager/President and 70% shareholder, the controlling vote in the event of a decision-making dispute with LeeSue or Gregory. Plaintiffs, however, make no argument that this fact alone "leaves so little power in the hands of the [plaintiff] that the arrangement in fact distributes power as would a limited partnership." In fact, plaintiffs offer no developed argumentation whatsoever as to whether this case involves the sale of a security.

14

Further, the court has reviewed the emails between Lane and Gregory attached to plaintiffs' requests for admissions. Those emails document some of the parties' preliminary Tuckaleechee negotiations. The court notes two facts apparent therein. First, plaintiff Gregory is an adjunct professor of business at the University of Tennessee. Second, his negotiations in no way suggest that he "is so inexperienced and unknowledgeable in business affairs that he is incapable of intelligently exercising his partnership or venture powers." The opposite in fact appears to be true.

In sum, the court finds a genuine issue of material fact as to whether this case even involves the sale of a security. The court also finds a genuine issue of material fact regarding Lane's scienter. Summary judgment will therefore be denied as to Count I of the complaint.

### F. Tennessee Securities Act

Under the Tennessee Securities Act of 1980 ("TSA") it is unlawful to "[m]ake any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with the offer, sale or purchase of any security in this state . . . ." Tenn. Code Ann. 48-2-121(a)(2). Generally, the TSA is to be interpreted in coordination with related federal law, with the exception that a plaintiff is not required to show reliance on the defendant's statement or omission. *See Green v. Green*, 293 S.W.3d 493, 506, 508 (Tenn. 2009) (citation omitted).

15

According to the complaint, LeeSue's involvement in Tuckaleechee was in the nature of an "investment contract." The TSA includes investment contracts within its definition of a "security." *See* Tenn. Code Ann. § 48-2-102(17). An investment contract exists when:

> (1) An offeree furnishes initial value to an offeror, and (2) a portion of this initial value is subjected to the risks of the enterprise, and (3) the furnishing of the initial value is induced by the offeror's promises or representations which give rise to a reasonable understanding that a valuable benefit of some kind, over and above the initial value, will accrue to the offeree as a result of the operation of the enterprise, and (4) the offeree does not receive the right to exercise practical and actual control over the managerial decisions of the enterprise.

*State v. Brewer*, 932 S.W.2d 1, 10-11, 14 (Tenn. Ct. Crim. App. 1996) (citation omitted).

Plaintiffs have presented no developed argumentation regarding the *Brewer* test, most particularly its fourth prong. For that reason, and for the reasons stated in the preceding section of this opinion dealing with the federal securities act claim, genuine issues of material fact exist as to plaintiffs' TSA claim. Summary judgment will therefore be denied as to Count II.

### G. Tennessee Consumer Protection Act

Count VII of the complaint alleges that Lane's CECD representations violated the Tennessee Consumer Protection Act ("TCPA") regarding the sale or marketing of securities. Count VIII alleges that Lane's representations regarding the Loudon County land purchase also violated the TCPA in connection with a real estate transaction.

16

Plaintiffs filed their complaint on March 18, 2011. At that time, the sale of securities was a consumer transaction covered by the TCPA. *See Johnson v. John Hancock Funds*, 217 S.W.3d 414, 424 (Tenn. Ct. App. 2006). The TCPA has since been amended to exclude such transactions from its coverage, *see* Tenn. Code Ann. § 47-18-109 (h), but that amendment does not apply to claims accruing prior to October 1, 2011. *See* 2011 Tenn. Pub. Acts, ch. 510, § 24.

LeeSue accuses Lane of violating the TCPA's catch-all provision prohibiting "[e]ngaging in any other act or practice which is deceptive to the consumer or to any other person." Tenn. Code. Ann. § 47-18-104(b)(27). The court notes that a 2011 amendment to subsection (b)(27) eliminated the private right of action for violation of that subsection. However, that amendment also does not apply to causes of action accruing prior to October 1, 2011. *See* 2011 Tenn. Pub. Acts, ch. 510, § 24.

Those housekeeping matters aside, to recover under the TCPA LeeSue must prove: (1) that the defendant engaged in an unfair or deceptive practice prohibited by the TCPA; and (2) that the defendant's unfair or deceptive practice caused an "ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value, wherever situated." Tenn. Code Ann. § 47-18-109(a)(1); *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116 (Tenn. Ct. App. 2005). "A deceptive act or practice is one that causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact." *Tucker*, 180 S.W.3d at 116. An unfair practice is one

17

which "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Id.* at 116-17 (citation omitted). The TCPA defines "consumer" as

> any natural person who seeks or acquires by purchase, rent, lease, assignment, award by chance, or other disposition, any goods, services, or property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated or any person who purchases or to whom is offered for sale a franchise or distributorship agreement or any similar type of business opportunity.

Tenn. Code Ann. § 47-18-103(2)

Counts VII and VIII are based on the premise that this is a TCPA case. The court is not yet convinced that is true. Plaintiffs' complaint and briefing presume that LeeSue is a "consumer" and that the events at issue are "consumer transactions," such as the sale and marketing of securities or "a real estate transaction." Plaintiffs have, however, again failed to offer developed briefing on those points. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

The events at issue may be "consumer transactions" for purposes of the TCPA, or instead they may represent simply a joint investment venture gone bad. As discussed throughout this opinion, genuine issues of material fact remain on these points. Summary

18

judgment therefore will not be granted as to Counts VII and VIII.

V.

*Conclusion*

An order consistent with this opinion will be entered. This case remains set for a January 30, 2013 nonjury trial on any issue not resolved herein.

ENTER:


                                        s/ Leon Jordan
                                   United States District Judge